# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Qusay Al-Zurwayjawi,<br><br>            Petitioner,<br><br>v.<br><br>John Gurule,<br><br>           Respondent. | No. CV 17-0101-PHX-DJH (JZB)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DIANE J. HUMETEWA:**

Petitioner Qusay Al-Zurwayjawi has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner was previously detained by the Department of Immigration and Customs Enforcement ("ICE") pursuant to a removal order dated May 25, 2016. Petitioner asserted that he had been detained for more than six months beyond the date of his final order of removal, in violation of the decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1.) Petitioner sought release from detention under an order of supervision. However, Petitioner has been released from custody and removed from the United States. (Doc. 11-1 at 5.) Therefore, the Petition is now moot.

**I.    Procedural history**

    **A.    Petitioner's Arrest**

On October 23, 1996, Petitioner, a citizen of Iraq, was paroled into the United States. (Doc. 10-1, Ex. B, at 8.) On January 4, 2006, Petitioner adjusted his status to

Lawful Permanent Resident retroactive to January 4, 2005. (Doc. 10-1, Ex. C, at 10.)

On August 7, 2012, Petitioner was sentenced, after a guilty plea, in the Maricopa County Superior Court to concurrent terms of two years of probation for Theft (Class 6 Felony) and Aggravated Assault (Class 6 Undesignated Felony). (Doc. 10-1, Ex. E, at 17.) On March 25, 2015, Petitioner was sentenced, after a guilty plea, in the Maricopa County Superior Court to consecutive terms of 18 months imprisonment and two years of probation for Unlawful Use of Means of Transportation (Class 5 Felony) and Attempted Trafficking in Stolen Property (Class 4 Felony). (Doc. 10-1, Ex. H, at 28.) On the same date, Petitioner was sentenced, after guilty plea, in the Maricopa County Superior Court to two years of probation for Possession of Drug Paraphernalia (Class 6 Felony). (Doc. 10-2, Ex. I, at 2.)

On July 17, 2015, Petitioner was served with a Notice to Appear (NTA), which alleged that as a result of Petitioner's convictions "it is charged that you are subject to removal from the United States" subject to the Immigration and Nationality Act. (Doc. 10-2, Ex. L, at 15-16.) On April 29, 2016, Petitioner was transferred from the Arizona Department of Corrections to ICE custody. (Doc. 10-2, Ex. M, at 19.)

### B. Removal Order

On May 25, 2016, Petitioner was ordered removed from the United States to Iraq by an Immigration Judge (IJ) in Eloy, Arizona. (*Id*.) Petitioner waived his right to appeal that decision. (*Id*.) The clock regarding Petitioner's removal thus began on May 25, 2016. (*Id*.) On August 9, 2016, ICE conducted a 90-day Post-Order Custody Review and continued Petitioner's detention based on risk of flight. (Doc. 10-2, Ex. M, at 26.)

### C. Removal Action

On July 1, 2016, ICE Enforcement and Removal Operations (ERO) uploaded the required removal documents to ICE Headquarters Removal and International Operations (HQRIO) for delivery to the Iraqi Embassy in Washington D.C. (Doc. 10-2, Ex. P, at 35, Ex. R, ¶ 5.) On August 29, September 27, October 13, November 18, and December 19, 2016, ERO requested updates from HQ-RIO regarding Petitioner's removal to Iraq. (Doc.

10-3, Ex. R, at 1.) On July 28, September 27, October 13, and November 18, 2016, the HQ-RIO staff advised that ICE was awaiting a response from the Iraqi Embassy. (Doc. 10-2, Ex. P, at 35.) On January 17, 2017, "HQ-RIO ERO received an update from HQRIO that they are still working with the Iraqi Embassy but have not received a response on issuing a travel document for" Petitioner. (Doc. 10-3, Ex. R, at 2.) On January 25, 2017, "HQRIO stated that there is a likelihood of issuance, but they do not have a timeframe, DOS [Department of State] is still working on it." (*Id*.)

### D. Habeas Petition

On January 11, 2017, Petitioner filed the Petition arguing that "[s]ince my order of removal became final more than 180 days ago, and since my removal is not significantly likely to occur in the reasonably foreseeable future, my continued detention is in violation of *Zadvydas*." (Doc. 1 at 4.) Petitioner requested the Court order his release from custody under supervision. (Doc. 1 at 9.)

### E. Petitioner's Removal

On May 3, 2017, Respondents filed a Notice, which submitted competent evidence showing that, on April 18, 2017, ICE officials caused Petitioner to be removed from the United States pursuant to his final order of removal. (Doc. 11 at 1-5.)

## II. The Petition is Moot.

The Court may grant a writ of habeas corpus to a detainee who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). 8 U.S.C. § 1231 governs the detention of aliens whose order of removal is administratively final. "The case or controversy requirement of Article III admonishes federal courts to avoid premature adjudication and to abstain from entangling themselves in abstract disagreements." *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1208 (10th Cir. 1999) (internal quotation marks and citations omitted). The Court must dismiss a case as moot if, at any point, it becomes certain either that "'the allegedly wrongful behavior could not reasonably be expected to recur,'" *Friends of the Earth Inc. v. Laidlaw Environmental Assoc. (TOC), Inc.*, 528 U.S. 167 (2000) (citation omitted), or that there is

no effective relief remaining for the court to provide. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996). The case or controversy requirement warrants a finding of mootness if: (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petitioner with the relief sought. *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997). The Court does not have subject matter jurisdiction to consider a habeas claim that is moot. *See*, *e.g.*, *McCullough v. Graber*, 726 F.3d 1057, 1060 (9th Cir. 2013).

Here, Petitioner sought release from detention, but he is no longer detained. Petitioner's case is rendered moot because there is no case or controversy. *See Spencer v. Kemna*, 523 U.S. 1 (1998) ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."); *Abdala v. INS*, 488 F.3d 1061, 1064-65 (9th Cir. 2007) (discussing and collecting cases wherein a petitioner's release from detention or parole or their removal rendered a habeas petition moot); *Mensah-Yawson v. Lowe*, No. 3:16-cv-200, 2016 WL 3704878, *1 (M.D. Pa. July 12, 2016) ("[T]he habeas petition challenges petitioner's continued detention pending removal. Because petitioner has since been released from ICE custody and removed from the United States, the petition no longer presents an existing case or controversy. Accordingly, the instant habeas corpus petition will be dismissed as moot.").

**III.     CONCLUSION**

Petitioner seeks release from confinement. Because Petitioner is no longer in custody and has been removed from the United States, his Petition is moot.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be

**DENIED** and **DISMISSED WITH PREJUDICE**.[1]

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Dated this 8th day of May, 2017.

Honorable John Z. Boyle
United States Magistrate Judge

---

[1] The Petition should be dismissed with prejudice. *See Abdala,* 488 F.3d at 1065 ("Abdala's attempt to amend his habeas petition after his deportation could not revive his petition. He sought to file an amended petition ... after he was released from custody and deported to Somalia. As Abdala was no longer 'in custody' within the meaning of [the habeas statute] when he attempted to amend his petition, his petition was moot and there was nothing to amend."); *Noyola v. DHS*, No. SA CV 15-00544-JCG, 2015 WL 3644006 (C.D. Cal. June 8, 2015) ("Petitioner's removal renders the instant Amended Petition moot. … Hence, the Amended Petition does not present a live controversy and must be dismissed with prejudice ....").