# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Qusay Al-Zurwayjawi, | No. CV-17-00101-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| John Gurule, | |
| Respondent. | |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge John Z. Boyle (Doc. 12). On July 17, 2015, Petitioner was served with a Notice to Appear, alleging that due to criminal convictions in Maricopa County Superior Court, he was subject to removal from the United States under the Immigration and Nationality Act. (Doc. 12 at 2). On April 29, 2016, Petitioner was transferred from the Arizona Department of Corrections to the custody of Immigration and Customs Enforcement ("ICE"). (*Id.*). On May 25, 2016, an Immigration Judge ordered Petitioner removed from the United States to Iraq. (*Id.*).

Petitioner filed the instant Petition on January 11, 2017, claiming his continued detention in ICE custody was in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1 at 4). For relief, Petitioner requested that he be released from custody under an order of supervision. (Doc. 1 at 9). On May 3, 2017, however, Respondents filed a

Notice that included competent evidence demonstrating Petitioner was removed from the United States on April 18, 2017 pursuant to his final order of removal.

After full consideration and analysis of the issues, Judge Boyle concluded that the Petition is moot because Petitioner, whose sole request for relief was release from ICE custody, is no longer detained. (Doc. 12 at 3-4). Thus, there is no case or controversy. (*Id.*). Accordingly, Judge Boyle recommends that the Petition be denied and dismissed with prejudice. (*Id.* at 4-5).

Judge Boyle advised the parties that they had fourteen days to file objections and that the failure to file timely objections "will be considered a waiver of a party's right to de novo appellate consideration of the issues." (Doc. 12 at 5) (citing *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)). The parties have not filed objections and the time to do so has expired. Absent any objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed the R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R and deny the Petition. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Boyle's R&R (Doc. 12) is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

**Dated** this 5th day of July, 2017.

_____
Honorable Diane J. Humetewa
United States District Judge